MARCEL DE JAEGER, Plaintiff, *v.* LE ROY CHILSON et al., Doing Business as LE ROY CHILSON & SON, Defendants.

County Court, Monroe County, May 31, 1945.

*Louis B. Shay* for defendants.

*Thomas Burke* for plaintiff.

Rosenberg, J.   These are cross motions as follows: A motion brought on by the defendant, Jacke P. Chilson, praying for an order dismissing the complaint of the plaintiff against him personally because of infancy; and a motion made by the plaintiff for an order for the examination of the defendants before trial and for the appointment of a referee to conduct such examination.

The complaint alleges that the plaintiff's assignor sold and delivered to the defendants goods, wares and merchandise and prays for a judgment against the defendants for the purchase price of the same.

It appears from the pleadings that at the time of the contract of sale and at the time of the delivery of the merchandise, the defendant Jacke P. Chilson was twenty years of age.

In the answer, Jacke P. Chilson pleads his infancy and demands dismissal of the complaint upon his disaffirmance of the contract by reason of his infancy.

Section 260 of the Debtor and Creditor Law provides as follows:

" 1. A contract hereafter made by an infant after he has attained the age of eighteen years may not be disaffirmed by him on the ground of infancy, where the contract was made in connection with a business in which the infant was engaged and was reasonable and provident when made.

" 2. In any action or proceeding in which the right to disaffirm on the ground of infancy a contract made by an infant after he has attained the age of eighteen years is in issue, the burden of proof on the question whether the contract was made in connection with a business in which the infant was engaged, and also on the question whether the contract was reasonable and provident when made, shall be upon the person seeking to deny or defeat such disaffirmance or to enforce the contract."

Whatever may have been the decisions in this State previous to the enactment of section 260 with regard to the right of an infant to disaffirm a contract, it is very evident that since the enactment of the section of the Debtor and Creditor Law set forth above, an infant may not now disaffirm a contract, where the contract was made in connection with his business in which the infant was engaged and was reasonable and provident when made.

There does not appear in the answer or in any of the moving papers any denial that the infant was engaged in the business concerning which the contract was made or that the contract was reasonable and provident. It would seem, therefore, that the complaint cannot be summarily dismissed merely because of the defendant's infancy but rather that there would be questions of fact to be determined upon a trial, namely, whether the contract was made in connection with a business in which the infant was engaged and whether the contract was reasonable and provident.

It would, therefore, seem to follow that the motion of the defendant Jacke P. Chilson, for dismissal of the complaint of the plaintiff should be denied.

Section 260 above quoted provides also that the burden of proof on the question whether the contract was made in connection with a business in which the infant was engaged and also on the question as to whether the contract was reasonable and provident when made, is upon the plaintiff herein.

The extent of the interest of the defendant Jacke P. Chilson in the said business and his connection with the said business are peculiarly within the knowledge of both defendants and it is a well settled rule of procedure in our courts that where a party has the burden of establishing affirmatively the existence of certain facts which are within the knowledge of his opponent and not within his own knowledge, our courts have at all times granted the right to such party to examine the adverse party before trial.

In view of the above, it would seem entirely proper that the motion of the plaintiff for examination of both defendants before trial and for the production of all records, books, papers, stationery and business cards which can aid in establishing the interest of the defendant Jacke P. Chilson in the said business and for a further order for the appointment of a referee to conduct such examination be granted.

Accordingly, the motion of the defendant Jacke P. Chilson for an order dismissing the summons and complaint is denied and the motion of the plaintiff for an order for the examination of the defendants and for the production of certain books and records and for the appointment of a referee to conduct such examination is granted, with $10 costs.

Let orders be entered accordingly.