William T. Cowin, J.
In an injunction action, defendants move to dismiss the complaint pursuant to 3211 (sub. [a], pars. 1, 5, 7, 8) Civil Practice Law and Rules.
Plaintiff in its complaint seeks to enjoin defendants from performing or rendering any services as recording artists for anyone other than plaintiff during the term of its contract with them. Damages for breach of contract are also demanded.
*22 Examination of the moving papers reveals that the sole question before the court is whether or not the defendants who are infants may disaffirm the contract upon which the action is based.
On March 28, 1962 plaintiff entered into an agreement in writing with the defendants by the terms of which plaintiff engaged the defendants to render exclusive personal service as recording artists in connection with the production of phonograph records for a period of one year and granted plaintiff four options to renew the agreement, each of which options being one for a period of one year and to run consecutively. On January 28, 1963 plaintiff exercised the first of said options extending the terms of the agreement to January 28, 1964. At that time the contract of March 28, 1962 was partly modified. When the original agreement was executed the parents of the defendants warranted to plaintiff that each of their daughters was over the age of 18 years. However, it is undisputed that in fact none of the defendants was then over the age of 18 except defendant Barbara Lee and that when the modification agreement was entered into on January 28,1963, each of the defendants had attained the age of 18 years.
Section 260 (subd. 1) of the Debtor and Creditor Law provides: “A contract hereafter made by an infant after he has attained the age of eighteen years may not be disaffirmed by him on the ground of infancy, where the contract was made in connection with a business in which the infant was engaged and was » reasonable and provident when made.”
Since defendant Barbara Lee was over the age of 18 years at the time she entered into the original agreement it would follow that she could not disaffirm the agreement unless it was unreasonable and improvident when made. And, assuming arguendo that by virtue of the modification of the contract on January 28, 1964 a new contract shall be deemed to have been entered into, then none of the defendants, all of them being then over the age of 18 years, could disaffirm the contract unless it was unreasonable and improvident when made.
Ordinarily the question whether or not the contract was reasonable and provident is one to be determined by the trier of the facts (De Jaeger v. Chilson, 185 Misc. 156; 28 N. Y. Jur., Infants, § 18). However, under the peculiar circumstances of this case such question is a matter of law for the reasons hereinafter set forth.
In 1961 the New York Legislature, upon the recommendation of the Law Revision Commission (N. Y. Legis. Doc., 1961, No. 65[I]), enacted section 74 of the Domestic Relations Law. One of the purposes was to provide a procedure for judicial approval *23 of contracts for the employment of minors as musical or theatrical performers or in professional sports. If so approved, the minor’s right to disaffirm the contract was abrogated.
In its study the Law Revision Commission found that in view of the extraordinary earning power of talented infants, special safeguards may be needed to prevent exploitation of the minor’s talents and dissipation of his earnings. The commission realized that prospective employers may be discouraged from contracting with an infant because of his right to disaffirm unequivocally if under 18 years of age and, if over 18 years of age, the right to disaffirm if the contract was unreasonable and improvident. Accordingly, it proposed that the Supreme Court and Surrogate’s Court have jurisdiction to approve the contract of the young artists provided the contract contained certain minimum standards; and where the contract had been approved by the court, the infant could not thereafter disaffirm it.
Among the proposed minimal standards of the contract set forth by the commission, and later enacted by the Legislature, is paragraph (d) of subdivision 2 of section 74 of the Domestic Relations Law. It provides: “No contract shall be approved if its terms, including any extensions thereof by option or otherwise, extends for a period of more than three years from the date of approval of the contract or if it contains any covenant or conditions binding upon the infant * * * beyond such 3 years.”
The purpose of this provision, as expressed by the Law Revision Commission, is to limit the contract “ to a period in which the infant’s development and his future needs and capabilities are reasonably foreseeable.” (N. T. Legis. Doc., 1961, No. 65 [I], p. 257.) To bind a talented infant beyond the above period may, in effect, create the opportunity to exploit him by limiting his earnings, not to his capacity but to the terms of a contract entered into when his capabilities were not too apparent. Such contracts, under the circumstances, would not be reasonable and provident. It is thus obvious that the Legislature in prohibiting the approval of any contract of a talented infant for a period in excess of three years deems such contract, notwithstanding any other provision therein, unreasonable and improvident.
In enacting section 74 of the Domestic Relations Law, the provisions under section 260 of the Debtor and Creditor Law, were not abrogated. The Domestic Relations Law merely provides for a procedure to insure a binding contract with an infant in the entertainment and sports fields. Of course, contracts with an infant with respect to such fields may be entered into with *24 infants over the age of 18 years without proceeding under section 74 of the Domestic Relations Law, but in such cases the contracts are still subject to disaffirmance on the ground that they were unreasonable and improvident when made.
Whether a contract is reasonable and provident, as was said above, is usually a question of fact. However, with respect to contracts with infants in the entertainment and sports fields, standards have been enacted by the Legislature which as a matter of law determine what is reasonable and provident (Domestic Relations Law, § 74).
The standards, as set forth in section 74 of the Domestic Relations Law must be read together with section 260 of the Debtor and Creditor Law to determine whether the contract is unreasonable or improvident. The Legislature has indicated that contracts in excess of three years are not reasonable and provident. Accordingly, it must be said that in the instant case the contract with these infants over 18 years of age, which exceeds more than a three-year period, is as a matter of law unreasonable and improvident, notwithstanding any other provision in the contract.
Under these circumstances, defendants herein had a right to disaffirm the contract in question and thus the motion is granted pursuant to 3211 (subd. [a], par. 5) Civil Practice Law and Rules.